**Mark Ahlemeyer, OSB No. 095997**
Assistant Federal Public Defender
Email: mark_ahlemeyer@fd.org
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                             **Plaintiff,**<br><br>      v.<br><br>**TYRONE LAMONT ALLEN,**<br><br>                             **Defendant.** | Case No. 3:18-cr-00072-HZ<br><br>**SUPPLEMENTAL REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** |

       The defendant, Tyrone Allen, through counsel, Mark Ahlemeyer, submits the following supplemental reply to the government's Notice of Supplemental Authority (CR 51).

After a hearing in which both government witnesses admitted they knew of no protocol, case law, or other authority that permitted them to digitally alter a suspect's photo to make him conform to what the objective evidence showed the perpetrator looked like, and after the government's legal briefing also failed to cite any such authority, the government has now filed a post-hearing pleading directing the Court to a district court decision out of California, *United States v. Ellis*, 121 F.Supp.3d 927 (N.D. Cal. 2015) (*Ellis I*) *supplemented by United States v. Ellis*, 2015 WL 6551628 (N.D. Cal. 2015) (unreported) (*Ellis II*). Despite the government's claims, *Ellis* does not support the manipulation of the source photo done in this case.

As an initial matter, there were numerous photo arrays used in *Ellis*, as there were multiple perpetrators, but the government only discusses one. The arrays that were not cited by the government support the defense argument that the actions in Mr. Allen's case went too far. For example, in one array, despite the witness stating that the perpetrator had dreadlocks, a mustache, and a small goatee, police used a picture in which the suspect had none of those features. Officers did not digitally alter the source photo to conform the suspect's picture to the witness report. *Ellis II* at *1. It also appears that for multiple photo arrays, officers simply told witnesses to be aware that people's appearances can change. *Id.* at *2 (written admonition stated "photographs do not always depict the true complexion of a subject; they can be darker or lighter"); *see also id.* (verbal admonition stating: "The hair can change. The beards, mustaches . . . and the complexion can be different."). In none

of the arrays did officers actually use Photoshop to change the suspect's complexion, hair style, or facial hair. And certainly, in no array did officers digitally remove prominent facial features for the sole purpose of conforming the suspect's face to the objective evidence of what the perpetrator looked like; instead, they simply warned the witnesses that appearances can be changed.

In any event, even the photo array cited by the government does not support its argument. In that array, officers initially showed a witness (who was also a police officer) a set of photographs that included an unaltered picture of the suspect. *Ellis I* at 934. Because the perpetrator had been wearing a black hooded sweatshirt, the witness requested to see the photos in the array with the addition of a black hood. In response, investigators digitally added the exact same black hood around the faces of each person in the photo array. *Id*. The witness then selected the defendant.

Importantly, in contrast to Mr. Allen's case, at no point did the investigators in *Ellis* change any aspect or feature of the suspect's face. They did not digitally remove any prominent facial features, such as moles, scars or tattoos, which conflicted with the objective evidence. There is no report that they changed the coloration of the picture or brightened or darkened the image in places, as also occurred here. Instead, at the witness's request, *after showing an array with unaltered pictures*, officers produced a second array where all the faces were surrounded by the same article of clothing.

The government's reliance on *Ellis* is misplaced. *Ellis* demonstrates that the proper approach is to use an unaltered source photo. Had the bank tellers here requested to see the photo array a second time with each person wearing a baseball hat, then *Ellis* would be applicable. The question in this case is not whether law enforcement can add clothing to all photos at a witness's request where the remaining picture continues to show all facial features—unaltered—that the witness would have been able to see. Instead, the question is whether the police can alter a photo on their own accord to remove distinctive facial characteristics that conflict with objective video evidence and eyewitness reports. For the sake of fundamental fairness, reliability, and to prevent the deterioration of the public's confidence in the criminal justice system, the answer should be no.

RESPECTFULLY submitted this 19th day of August, 2019.

*/s/ Mark Ahlemeyer*
Mark Ahlemeyer
Assistant Federal Public Defender